Stone, J.
The plaintiff in error was indicted and convicted under the fourth section of the act of May 1, 1854, “ to provide against the evils resulting from the sale of intoxicating liquors,” of keeping a place of public resort-where intoxicating liquors were sold in violation of law. A bill of exceptions was taken upon the trial, on behalf of the accused, from which it appears that the prosecution, to-support the charge 'of the unlawful sale of intoxicating liquors, gave evidence tending to show that the accused had, on repeated occasions, in violation of the third section-, of the act,.sold ale to intoxicated persons. Upon the conclusion of the testimony, counsel for the accused requested the court to charge the jury that proof of such sales of ale-would not support the indictment. The court refused so to-charge, and upon this point instructed the jury that proof of the habitual sale of ale to persons who were known by the accused to be intoxicated, or to be in the habit of becoming intoxicated, would support the indictment, if ale-was an intoxicating liquor.
This ruling of the court was excepted to, and we are all of opinion was erroneous. Each of the first four sections of the act purport to define a distinct offense. The first makes it unlawful to sell intoxicating liquors to be drank at the place of sale; the second, subject to the exceptions-therein named, prohibits the sale of intoxicating liquors to>. minors; the third prohibits the sale of intoxicating liquors-to intoxicated persons, or to those who are in the habit of' *558 becoming intoxicated; and the fourth, makes it an offense to keep a place of public resort where intoxicating liquors are sold in violation of the act.
So far, no distinction is made between the different varieties of intoxicating liquors. All are embraced in the generic term “intoxicating,” and all are alike within the prohibitions of the act. But the first and the fourth sections are both modified by the proviso contained in the eighth section, which is in these words: “Provided, that the provisions of the first and fourth sections of this act shall not extend to the sale of the wine manufactured of the pure juice of the grape cultivated in this state, or beer, ale, or cider.” The necessary effect is to limit the general terms of the first and the fourth sections to intoxicating liquors other than the four varieties mentioned in the proviso, and the necessary result is that while these several kinds of intoxicating liquors are within the prohibitions of the second and third sections, and if sold in violation thereof are unlawfully sold, the sale of such liquors, although unlawful, does not constitute an ingredient of the offense defined by the fourth section of the act.

Judgment reversed and cause remanded.